UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLENE K. DEWAR,

    Plaintiff,

vs.

Case No. 05-CV-70704
HON. GEORGE CARAM STEEH

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

ORDER ACCEPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION (#22)

    This matter is before the court on plaintiff Charlene K. Dewar's challenge of a final decision of defendant Commissioner denying her application for Disability Insurance Benefits (DIB). Plaintiff actually filed two claims for benefits, and this case concerns the latter claim. The first claim, filed on August 28, 1996, was denied by administrative law judge (ALJ) James N. Gramenos on November 23, 1999. Plaintiff's second claim was filed on February 15, 2002, alleging that she was disabled as of November 23, 1999. ALJ Kathryn D. Burgchardt found in a decision dated July 21, 2004 that plaintiff was not entitled to a period of disability. On January 6, 2005, the Appeals Council denied plaintiff's request for review, rendering ALJ Burgchardt's decision final and reviewable by this court. Both parties filed motions for summary judgment which were referred to the magistrate judge for report and recommendation. On March 31, 2006, the magistrate judge issued a report and recommendation recommending that plaintiff's motion for summary judgment be denied and defendant's motion for summary judgment be granted. Objections to that report have been filed by plaintiff within the established time period.

Plaintiff's objections are essentially a verbatim recitation of her brief in support of motion for summary judgment. In that brief, plaintiff raised two challenges to the Commissioner's decision: (1) ALJ Burgchardt erred in assessing plaintiff's residual functional capacity (RFC); (2) ALJ Burgchardt erred by finding that plaintiff is capable of performing a significant number of jobs in the national economy. In support of these challenges, plaintiff argued that ALJ Burgchardt gave improper weight and insufficient deference to plaintiff's treating physician, Dr. Macy, and did not have substantial evidence to conclude that plaintiff was capable of a significant range of work in the national economy. The magistrate judge conducted an exhaustive review of plaintiff's arguments and concluded that they did not provide a basis for reversing the ALJ's decision. Plaintiff now contends that the magistrate judge incorrectly accepted the ALJ's findings regarding plaintiff's RFC and her ability to work. In support of these challenges, plaintiff again argues that ALJ Burgchardt gave improper weight and insufficient deference to Dr. Macy, and did not have substantial evidence to conclude that plaintiff was capable of a significant range of work.

Plaintiff's first specific objection concerns the magistrate judge's conclusion that "the ALJ's reasoning and her findings fall within that 'zone of choice' in which courts are not entitled to disturb the Commissioner's ultimate decision... (and) if there are sufficient legitimate reasons for discounting a claimant's credibility, this serves as a sufficient reason to discount the opinion of a treating source whose opinion is based on claimant's reports of symptoms and their severity." (R&R, pp. 14-15). Plaintiff asserts that there are not sufficient legitimate reasons for discounting the plaintiff's credibility, nor the credibility of Dr. Macy. In support of her argument, plaintiff relies on the fact that no other physician who has either examined or treated plaintiff has provided any

2

information which contradicts that which was provided by Dr. Macy. However, this argument ignores the magistrate judge's observation that other evidence exists which diminishes plaintiff's credibility, such as "plaintiff's lack of regular medical treatment, her use of mostly over-the-counter medication (Tylenol) and her (own) hearing testimony." (R&R, p. 12). There is sufficient legitimate reason for discounting plaintiff's credibility. This record evidence also serves as a sufficient reason to discount the opinion of a treating source, Dr. Macy, whose opinion is based on claimant's own reports of symptoms and their severity.

Plaintiff contends that the magistrate judge incorrectly concluded that the treating physician based her entire opinion on the plaintiff's reports of symptoms. As evidence of this contention, plaintiff relies on a *Disorders of the Spine Questionnaire* that Dr. Macy completed on May 10, 2004. (Tr. 139-142). In that questionnaire, Dr. Macy was specifically asked if the symptoms reported by plaintiff were consistent with medical findings, and she checked yes for the answer. However, this evidence does not support plaintiff's argument, because it clearly appears that Dr. Macy answered this question, based only on plaintiff's reported symptoms as input.

Plaintiff also argues that the ALJ did not provide an analysis of the weight she accorded to Dr. Macy's opinion concerning plaintiff's symptoms and limitations, and that the magistrate judge was wrong to say that the ALJ clearly explained why she did not give Dr. Macy's opinion controlling weight. However, both contentions ignore the magistrate judge's discussion of the ALJ's explanation for refusing to give Dr. Macy's opinion controlling weight. (R&R, pp. 13-14). Concerning the impact of Ms. Shaughnessy's testimony on Dr. Macy's opinion, the ALJ herself stated that because Ms. Shaughnessy has no medical training, her conclusion carried no weight in

determining the limitations imposed by the plaintiff's impairments.  Although the ALJ opined that Ms. Shaughnessy's conclusion would have been adopted in its entirety had she been an acceptable medical source, nevertheless that testimony was disregarded in reaching a conclusion.

Plaintiff's next contention is that the magistrate judge did not address plaintiff's argument that the ALJ, improperly substituted her own opinion for that of the treater by failing to give substantial deference to the treating physician's opinion.  However, as previously discussed, the ALJ was not required to give substantial deference to the treating physician's opinion once she concluded it lacked credibility.  Also, as the magistrate judge explained, "a treating doctor's opinion that a patient is disabled does not have controlling weight in a social security case on the ultimate issue of disability which is reserved to the administrative decision maker.  *See* 20 C.F.R. § 404.1527(e) ("Opinions on some issues... are not medical opinions,... but are, instead, opinions on issues reserved to the Commissioner").  Thus, the ALJ did not substitute his own opinion for that of the treater.

An additional argument plaintiff makes is that the magistrate judge did not address the fact that the ALJ actually incorporated parts of Dr. Macy's opinions.  However, that argument ignores the magistrate's explanation that "ALJ Burgchardt based her decision on the medical records and opinions of plaintiff's treating physician (Dr. Macy) as well as plaintiff's lack of regular medical treatment, her use of mostly over-the-counter medication (Tylenol) and her (own) hearing testimony."  (R&R, p. 12).  In other words, the ALJ's decision was based on all the evidence.

Plaintiff argues that the magistrate judge did not address Dr. Macy's opinion that the plaintiff could not concentrate on tasks up to 33% of the time.  Plaintiff also argues

4

that the magistrate judge incorrectly agreed with the ALJ's rejection of Dr. Macy's testimony that plaintiff needs to rest for substantial periods of time during the day for relief of pain or fatigue.  However, these arguments assume that this testimony was viewed as credible by the ALJ, which is not an accurate description of the record in light of the previous discussion.  As fact finder, the ALJ is free to accept all, none, or part of any person's testimony.

Plaintiff's final objection concerns the vocational expert's testimony regarding the existence of jobs that plaintiff could perform in the national economy.  Specifically, the vocational expert was asked whether or not plaintiff would be precluded from performing the jobs listed in response to ALJ's questions if plaintiff was experiencing pain that caused an interruption of her concentration up to 33 percent of the time.  The vocational expert answered, "yes."  (R, p. 178).  Obviously, the foregoing hypothetical question posed by plaintiff was premised on the opinion of Dr. Macy, as expressed in the questionnaire.  Plaintiff relies on this evidence to argue that there are not any jobs in the national economy that the plaintiff could perform.  However, this argument must also fail precisely because it too was premised on an opinion which the ALJ determined was not credible.

The court has reviewed the file, record, and magistrate judge's report and recommendation and accepts the magistrate judge's recommendation.  Accordingly,

IT IS ORDERED that the magistrate's report and recommendation is accepted as the findings and conclusions of this court.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is

GRANTED and plaintiff's motion for summary judgment is DENIED for the reasons well-developed in the magistrate judge's report and recommendation.

    SO ORDERED.

                                        s/George Caram Steeh  
                                        GEORGE CARAM STEEH  
                                        UNITED STATES DISTRICT JUDGE

Dated: June 6, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 6, 2006, by electronic and/or ordinary mail.

                                        s/Josephine Chaffee  
                                        Secretary/Deputy Clerk